**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA A. DARLEY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 17 C 50199 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Iain D. Johnston |
| Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Lisa A. Darley ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum, which this Court will construe as a motion for summary judgment, (Dkt. 12), is **denied** and the Commissioner's memorandum, which this Court will construe as a cross-motion for summary judgment, (Dkt. 27) is **granted**.

**I. BACKGROUND**

**A. Procedural History**

Plaintiff filed her application on July 15, 2013, alleging disability beginning on June 1, 2012, due to pain and numbness in the hands and wrists, arthritis and/or carpal tunnel, emphysema, and thyroid disease. R. 150–51, 172–79. Plaintiff's application was denied initially and on reconsideration. R.70, 83. On February 19, 2016, Plaintiff, represented by an attorney, testified, via video, at a hearing before an Administrative Law Judge ("ALJ"). R. 27-63. The

ALJ also heard testimony from Dr. Ashok Jilhewar, a medical expert ("ME"), and Craig Johnston, a vocational expert ("VE"). *Id*.

Plaintiff was 57 years old at the time of the hearing. Her testimony focused on her chronic obstructive pulmonary disease ("COPD"), carpal tunnel syndrome, and knee pain. R. 36-37, 39-40. She testified that she stopped working in February 2012, after a thyroid surgery[1]. R. 34. Following the surgery, she started experiencing knee pain, which prevented her from going back to work. R. 35. Plaintiff testified that knee pain[2] prevents her from standing more than thirty minutes. R. 36. Likewise, she cannot walk more than two blocks because of her COPD. R. 36-37. With respect to her hands[3], Plaintiff stated that she has trouble with gripping. R. 37. She explained that she cannot stir, or open pop bottles, R. 36, carry groceries, R. 37-38, and has troubles with buttons. R. 40. Plaintiff estimated that she could lift ten pounds and can sit for about one hour. R. 38-39.

The ME opined he could not find any impairment that would limit Plaintiff's ability to lifting or carrying capacity, or her standing and sitting tolerance. R. 46. The doctor, however, found that Plaintiff's carpal tunnel syndrome would limit her to frequent use of her upper extremities. R. 47. In addition, the doctor believed that Plaintiff's COPD would result in environmental limitations. *Id*.

The VE testified that a hypothetical individual with Plaintiff's background who was limited to light work and was restricted to frequent use of both upper extremities, reaching, carrying, manipulating, and fingering, and required to avoid concentrated exposure to cold,

---

[1] Treatment notes reveal Plaintiff had a right thyroid lobectomy and isthmusectomy on May 3, 2012. R. 382-83.
[2] An x-ray revealed mild degenerative arthritis. R. 371. The consultative exam ("CE") revealed mild swelling and crepitus, as well as decreased flexion of the left knee joint. R. 332.
[3] In November 2013, an electrodiagnostic study revealed bilateral median nerve compression which was "consistent with the diagnosis of bilateral carpal tunnel syndrome." R. 345-46.

humidity, and fumes, could perform work in the national economy. R. 58-59. In particular, the VE opined that such an individual could work as a lens molding equipment operator[4], and filling machine operator[5]. R. 59. The VE noted that machine operation would be the transferable skill. *Id*.

On March 23, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled. R. 13-22. On June 6, 2017, Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. R. 1-4. This action followed.

**B. ALJ Decision**

On March 23, 2016, the ALJ issued an unfavorable decision. R. 13-22. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. R. 15. At step two, the ALJ found Plaintiff suffered from severe impairments of COPD, carpal tunnel syndrome, degenerative joint disease of the left knee, and obesity. *Id*. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526). R. 16.

Before step four, the ALJ found that she had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to some limitations.[6] R. 17. At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work[7]. R. 20. At step

---

[4] The VE noted the job title as "cutting, pressing tenders." R. 59. According to the VE, there were approximately 13,000 jobs nationally and approximately 600 in Illinois. *Id*.
[5] The VE noted the job title as "packing and filling machine tender." R. 59. According to the VE, there were approximately 44,000 jobs nationally and approximately 2,800 in Illinois. *Id*.
[6] She is limited to frequent use of both upper extremities, reaching, carrying, manipulating, and fingering. Plaintiff must also avoid concentrated exposure to cold, humidity, and fumes. R. 16.
[7] Plaintiff's past relevant work included punch press operator, a semi-skilled job, and hopper attendant, an unskilled job. R. 20.

five, the ALJ found Plaintiff could perform other work, including cutting, pressing tenders and packaging and filling machine tender. R. 21. Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. *Id*.

## II. DISCUSSION

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence exists if there is enough evidence that would allow a reasonable mind to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). Accordingly, the reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts cannot build the logical bridge on behalf of the ALJ. *See Mason v. Colvin*, No. 13 C 2993, 2014 U.S. Dist. LEXIS 152938, at *19 (N.D. Ill. Oct. 29, 2014).

On appeal, Plaintiff argues that reversal or remand is appropriate because the Commissioner failed to prove that a significant amount of jobs that Plaintiff can perform exist. At

4

step five, the ALJ determines whether an individual can "make an adjustment to other work." *See* 20 C.F.R. § 404.1520(a)(5)(v). The Commissioner bears the burden at step five. *See Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011). This means that the Commissioner is responsible for establishing that there are a significant number of jobs that the claimant is capable of performing. *See* 20 C.F.R. § 404.1560(c)(2); *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004) ("[i]t is the Commissioner's burden at Step [five] to establish the existence of a significant number of jobs that claimant can perform.") Although VEs are not required, *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 540 (7th Cir. 1992), ALJs typically rely on VEs to "assess whether there are a significant number of jobs in the national economy that the claimant can do." *See* 20 C.F.R. § 404.1566(e); *Liskowitz v. Astrue*, 559 F.3d 736, 742–43 (7th Cir. 2009) (VEs often provide an impartial assessment of the availability of positions); *see also Lee v. Sullivan*, 988 F.2d 789, 793 (7th Cir. 1993) ("A vocational expert may be used by the Secretary in order to assess whether there are a significant number of jobs in the national economy that the claimant can do.")

The VE in this case testified that Plaintiff could adjust to other work. R. 59. In particular, the VE opined that Plaintiff could work as a lens molding equipment operator and as a filling machine operator. *Id*. Based on this testimony, the ALJ concluded that a finding of "not disabled" was appropriate under medical-vocational rule 202.15 ("the grids")[8]. R. 21.

Plaintiff objects, claiming that the Commissioner did not meet its step five burden because the ALJ's decision violated the Program Operations Manuel System ("POMS")[9]. Dkt. 12 at 6.

---

[8] The grids are "a series of tables broken into separate rules 'which classif[y] a claimant as disabled or not disabled, based on the claimant's physical capacity, age, education, and work experience.'" *Haynes v. Barnhart*, 416 F.3d 621, 627 (7th Cir. 2005) (citation omitted).
[9] The POMS manual is a handbook for internal use by employees of the agency. *Schweiker v. Hansen,* 450 U.S. 785, 790, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981).

More specifically, Plaintiff argues that the ALJ's decision violated POMS DI 25025.030[10] because the ALJ cited to only two jobs. *Id*. Plaintiff's argument is flawed for two reasons. First, the POMS manual has no legal force and is, at best, persuasive. *See Parker for Lamon v. Sullivan*, 891 F.2d 185, 190 (7th Cir. 1989) ("[t]he POMS manual has no legal force and therefore cannot be controlling in this case."); *Thompson v. Astrue*, 11C472, 2013 WL 393290, at *4 (N.D. Ind. Jan. 31, 2013).

Second, even if the POMS manual were controlling, Plaintiff's argument would be deficient because POMS DI 25025.030 does not require the ALJ to cite more than two jobs. Although it recommends that the ALJ cite three occupations, it explicitly states that the ALJ may cite to less than three occupations so long as "it is clear that jobs exist in significant numbers within fewer than three occupations." To determine whether jobs exist in significant numbers, the POMS manual encourages ALJs to consult a vocational specialist. That is precisely what the ALJ did in this case. At the hearing, the VE opined that there were approximately 13,000 equipment operator jobs nationally, 600 in Illinois. R. 21. In addition, the VE testified that there were approximately 44,000 machine operator jobs nationally, 2,800 in Illinois. *Id*. While the Seventh Circuit has never provided a bright line rule as to what constitutes a significant number, "[i]t is well-established that 1,000 jobs is a significant number." *Liskowitz*, 559 F.3d at 743; *Brown v. Colvin*, 845 F.3d 247, 255 (7th Cir. 2016) (implying that it is well-established that 1000 jobs is a significant number.) Here, the total number of positions estimated by the VE was 57,000. *See Herrmann v. Colvin*, 772 F.3d 1110, 1114 (7th Cir. 2014) (explaining that "if there is a substantial number of [sic] jobs in the nation, the applicant's claim fails, no matter how few there are in his locality or region."); *see also* 20 C.F.R. § 404.1566(a)(" [w]e consider that work exists in the national economy when it

---

[10] POMS DI 25025.030(C) provides ALJs with guidance on how to cite occupations, including how many occupations to cite.

exists in significant numbers either in the region where you live or in several other regions of the country.") Therefore, the Court finds that, contrary to Plaintiff's claim, the Commissioner met her burden by identifying a significant number of jobs, not only nationally, but regionally as well.

Nonetheless, Plaintiff also takes issue with the fact that one of the jobs cited by the ALJ "constitute[ed] just 600 jobs in Illinois." Dkt. 12 at 7. But, as the Commissioner points out, the other job cited by the VE constituted 2,800 jobs in Illinois. Thus, even if there was some doubt as to whether the 600 equipment operator jobs constituted a significant number[11], the Court still would not remand the case, as it is clear the other job cited by the VE constituted a significant number. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013) (the court "will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same.")

The Court recognizes that the ALJ may have erred in his reliance on grid rule 202.15, because Plaintiff reached age 55 between his onset date and the time of the hearing. Under grid rule 202.15, an individual closely approaching advanced age[12], who has at least a high school education and previous work at the skilled or semi-skilled level, is deemed "not disabled" if there are transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.00(a). Upon reaching 55 however, Plaintiff was a person of advanced age, and should have been evaluated under different grid rules. Plaintiff maintains that grid rule 202.06 would direct a finding of disabled. Dkt. 12 at 5. While true, she does not advance any arguments to support a conclusion that grid rule 202.06 applied. Specifically, Plaintiff has not challenged the VE's testimony regarding transferable skills. Moving

---

[11] *See Nix v. Sullivan*, 744 F. Supp. 855, 863 (N.D. Ind. 1990) (finding 675 jobs constituted a significant number.)

[12] Individuals aged 50-54 are considered closely approaching advanced age. 20 C.F.R. § 404.1563.

from one age category to another does not, by itself, warrant a finding of disability[13]. Consequently, by failing to develop her argument, Plaintiff has, in effect, forfeited her challenge.

Likewise, Plaintiff has forfeited any arguments concerning the source and accuracy of the VE's figures because she failed to address those issues during the administrative hearing. Plaintiff's counsel in this action is the same attorney who represented her at the administrative level. At the hearing, counsel had no objection to the VE's qualifications, R. 56-57, and declined to ask any questions. R. 62. Thus, Plaintiff had the opportunity to challenge the VE's figures, but chose not to. As it stands, the VE's testimony "was both unobjected to and uncontradicted"; meaning the ALJ was permitted to credit it. *See Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016) (finding that claimant forfeited arguments regarding the vocational expert's data by failing to object to her testimony during the administrative hearing); *Liskowitz*, 559 F.3d at 744 (same); *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) ("[B]ecause [the claimant's] lawyer did not question the basis for the vocational expert's testimony, purely conclusional though that testimony was, any objection to it is forfeited."); *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion.").

### III. CONCLUSION

For the reasons stated in this opinion, Plaintiff's motion for summary judgment [Dkt. 12] is denied, and the Commissioner's motion [27] is granted. The decision of the ALJ is affirmed.

Dated: October 31, 2018 By: _____
Iain D. Johnston
United States Magistrate Judge

---

[13] Compare the grid rule 202.15, the rule the ALJ used, to grid rule 202.07.